# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-2303 MRW | Date | March 1, 2019 |
| Title | Donner v. FCA US LLC | | |

Present: The Honorable Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** ORDER TO SHOW CAUSE

1. On February 13, Plaintiffs filed motions for attorneys' fees and costs in this case. (Docket # 98, 99.) Plaintiffs set the motions for hearing on March 13 – the minimum 28-day notice period under local practice.

2. The defense didn't seem to mind. Chrysler did not object to the date, and asked that related motions in the Cieslikowski action be heard on the same hearing. As I recall, the request to consolidate the hearings was, in part, because the lawyers are engaged in another trial together somewhere else in California.

3. On February 27, a flurry of filings came in on the Donner fee matter. Defendant filed its oppositions to the cost requests. (Docket # 101, 102.) And Plaintiffs filed a statement of non-opposition regarding the motions. That is, Plaintiffs contend that Chrysler waived its right to oppose the requests by filing its papers less than 21 days before the hearing.

4. Ooooh, hard ball. But they may not be wrong under the Local Rules. So, Chrysler is ordered to show cause why its opposing submissions should not be struck as untimely. The response to this OSC is due by Monday, March 11.

5. And, while we're at it, Chrysler's lawyers will explain why some of the recent filings don't comply with Local Rule 5-4.3.1. That's the rule that says that electronically filed documents must be converted to PDF format in a way that permits the electronic version of the item to be searched. The rule says – honestly, the all caps is in the original – "PDF IMAGES CREATED BY SCANNING PAPER DOCUMENTS ARE PROHIBITED." Yet, that's exactly what the Ongaro / Nixon Peabody firms did with the attorney fee opposition (and the summary judgment papers, etc., in this and other Program Cases), but not with the cost opposition. (Docket # 101, 102.) The OSC will need a response to this, too.

6.     But, on the assumption that the Court will not rule on the non-opposition request before the hearing (and may take up the parties canned request / opposition / reply papers in whole), Plaintiff's optional reply to the fee motions will be due by March 8.